UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

UNITED STATES OF AMERICA )
)
v. ) No.: 2:12-CR-056
)
MARQUISE ALLEN HOLLOWAY )

**MEMORANDUM AND ORDER**

This criminal case is before the court on the defendant's motion for sentence
reduction. [Doc. 71]. Through counsel, the defendant asks the court to reduce his
sentence pursuant to 18 U.S.C. § 3582(c)(2) and in accordance with Amendments 782
and 788 to the United States Sentencing Guidelines Manual ("U.S.S.G."). The
government has responded [doc. 72], deferring to the court's discretion whether and to
what extent to grant any such reduction, subject to the limitations of 18 U.S.C. §
3582(c)(2) and U.S.S.G. § 1B1.10.

**I. Authority**

"Federal courts are forbidden, as a general matter, to modify a term of
imprisonment once it has been imposed, but the rule of finality is subject to a few narrow
exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011) (internal citation and
quotation marks omitted). One such exception is identified in 18 U.S.C. § 3582(c)(2):

> [I]n the case of a defendant who has been sentenced to a term of
> imprisonment based on a sentencing range that has subsequently been
> lowered by the Sentencing Commission . . . , the court may reduce the term
> of imprisonment, after considering the factors set forth in [18 U.S.C.]
> section 3553(a) to the extent that they are applicable, if such a reduction is
> consistent with applicable policy statements issued by the Sentencing
> Commission.

In determining whether a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, the court must first identify "the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." *Dillon v. United States*, 560 U.S. 817, 827 (2010) (internal quotation marks and citation omitted); *see also* U.S.S.G. § 1B1.10(b)(1) (2016). Amendment 782, which became effective on November 1, 2014, revised the guidelines applicable to drug-trafficking offenses by reducing the offense levels assigned to the drug and chemical quantities described in guidelines 2D1.1 and 2D1.11. *See* U.S.S.G. app. C, amend. 782 (2014). Amendment 788, which also became effective on November 1, 2014, identified Amendment 782 as retroactive. *See id.*, amend. 788.

Other than substituting Amendment 782 for the corresponding provision applicable when the defendant was originally sentenced, the court "shall leave all other guideline application decisions unaffected." *See* U.S.S.G. § 1B1.10(b)(1) (2016). The court "shall not" reduce a defendant's term of imprisonment to a term "less than the minimum of the amended guideline range," nor to a term "less than the term of imprisonment the defendant has already served." *Id.* § 1B1.10(b)(2)(A), (C).[1] In addition, the commentary to guideline 1B1.10 provides that a court must also consider the § 3553(a) sentencing factors and the danger to the public created by any reduction in

---

[1] Guideline 1B1.10 provides one exception to the rule that a defendant may not receive a sentence below the amended guideline range—namely, if the defendant originally received a below-guideline sentence "pursuant to a government motion to reflect the defendant's substantial assistance to authorities." *Id.* § 1B1.10(b)(2)(B). The government did not file a substantial assistance motion as to the present defendant.

a defendant's sentence. *See id.* cmt. n.1(B). A court may further consider a defendant's post-sentencing conduct. *See id.*

## II. Factual Background

By judgment dated April 9, 2013, this court sentenced the defendant to a 78-month term of imprisonment as to Count Eight (a cocaine offense) and a 60-month mandatory consecutive term of imprisonment as to Count Eleven (possession of a firearm in furtherance of a drug trafficking crime), for a net sentence of 138 months. The defendant's guideline range for the cocaine offense was 78 to 97 months, based on a total offense level of 27 and a criminal history category of II. According to the Bureau of Prisons, the defendant is presently scheduled for release on August 28, 2022.

## III. Analysis

Applying Amendment 782, the defendant's new guideline range for Count Eight is 63 to 78 months, based on a total offense level of 25 and a criminal history category of II. Thus, the defendant was originally sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.

The court has considered the filings in this case, along with the relevant 3553(a) factors. Additionally, the court has considered the danger to the public as the result of any reduction in the defendant's sentence, the seriousness of the defendant's offense, the defendant's post-sentencing conduct, and the need to protect the public. *See id.* § 1B1.10 cmt. n.1(B)(ii). Having done so, the court finds that the defendant should be granted a sentence reduction.

**IV.** **Conclusion**

For the reasons stated herein, the defendant's motion for sentence reduction [doc. 71] is **GRANTED**.  The defendant's term of imprisonment is reduced to 63 months as to Count Eight, to be served consecutively to the 60-month term on Count Eleven, for a net reduced sentence of **123 months**.

Except as provided above, all provisions of this court's judgment dated April 9, 2013, shall remain in effect.

**IT IS SO ORDERED.**

ENTER:


_____
s/ Leon Jordan
United States District Judge